USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: _11-30-17_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSEANN PAYNE,

          **Plaintiff,**

-against-

IMAN KIRKLAND,

          **Defendant.**

14-CV-7098 (ALC)

OPINION AND ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

The Court assumes the parties' familiarity with the background of this case and summarizes only those facts relevant to this Order. Plaintiff filed this action on September 3, 2014, alleging that Defendant, a New York State Trooper, violated her civil rights under 42 U.S.C. § 1983 by using excessive force during a traffic stop. Judge Scheindlin held a jury trial from December 14, 2015 to December 17, 2015, after which the jury ruled for Plaintiff and awarded $7,500 in damages. Following the verdict, on March 3, 2017, this Court entered a Judgment against Defendant Imani Kirkland and in favor of Plaintiff Roseann Payne. (ECF No. 96.)

On March 17, 2017, Plaintiff filed a motion for attorneys' fees and costs, seeking $151,713.00 in fees and $10,487.79 in costs, plus reasonable fees expended in litigating the fee motion. (ECF No. 98 at 5.) Defendant filed a memorandum of law in opposition to Plaintiff's motion on April 7, 2017, asserting that the attorneys' fees should be adjusted downward and that certain costs were not reimbursable. (ECF No. 103.) Plaintiff filed a reply on April 28, 2017. (ECF No. 106.) With updated cost estimates reflecting time spent litigating the fee motion, Plaintiff now seeks $156,446.50 in fees. (*Id.* at 8.)

1

## I. LEGAL STANDARD FOR AWARD OF ATTORNEYS' FEES

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in a suit under § 1983. The purpose of awarding attorneys' fees in § 1983 cases is "to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (quoting H.R. Rep. No. 94-1558, p. 1 (1976)). By awarding attorneys' fees, the judicial system "encourage[s] the bringing of meritorious civil rights claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *Kerr v. Quinn*, 692 F.2d 875, 877 (2d Cir. 1982).

A court awards attorneys' fees by determining a "presumptively reasonable fee." *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 289 (2d Cir. 2011). A "'reasonable fee' is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). In determining a reasonable fee, "the typical starting point is the so-called lodestar amount, that is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007) (quoting *Hensley*, 461 U.S. at 433). Then, in "rare circumstances" a "district court may adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Millea v. Metro-North R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) (quoting *Perdue*, 559 U.S. at 552).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437.

2

Here, there is no dispute that Plaintiff is a "prevailing party" within the meaning of the statute since she obtained a verdict in her favor on the excessive force claim she brought to trial, and the jury awarded her $7,500. Accordingly, the Court must determine what fee is "reasonable."

## A. Reasonable Hourly Rate

A reasonable hourly rate is "the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany and Albany Cty. Bd. of Elections*, 522 F.3d 182, 190 (2d Cir. 2008). In this analysis, a court looks to the "hourly rates employed in the district in which the reviewing court sits" – in this case, the Southern District of New York. *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks omitted). The rates used in this calculation should generally be "current rather than historic hourly rates." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 882 (2d Cir. 1988)).

However, "'a reasonably hourly rate' is not ordinarily ascertained simply by reference to rates awarded in prior cases." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005). This Circuit has cautioned that "[r]ecycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under § 1988(b) and compensation available in the marketplace," which "undermines § 1988(b)'s central purpose of attracting competent counsel to public interest litigation." *Id.* at 209.

Instead, a court must engage in "a case-specific inquiry" that contemplates "the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel"; "judicial notice of the rates awarded in prior cases"; "the court's own familiarity with the rates

3

prevailing in the district"; and "evidence proffered by the parties." *Id.* "The size of the firm may also be considered as a factor in determining the hourly rate, 'primarily due to varying overhead costs.'" *Robinson v. City of N.Y.*, No. 05-9545, 2009 WL 3109846, at *4 (S.D.N.Y. Sept. 29, 2009) (quoting *Cioffi v. N.Y. Cmty. Bank*, 465 F. Supp. 2d 202, 219 (E.D.N.Y. 2006)). The "actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." *Crescent Publ'g Grp., Inc. v. Playboy Enter., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001); *see also Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 544 (S.D.N.Y. 2008) ("[T]he range of rates that plaintiff's counsel actually charge their clients [is] obviously strong evidence of what the market will bear.").

District courts in this Circuit also consider the following nonexclusive "Johnson" factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 186 n.3 *(quoting Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

This Court is "mindful of the Supreme Court's observation that 'the most critical factor' in a district court's determination of what constitutes reasonable attorney's fees in a given case 'is the degree of success obtained' by the plaintiff." *Barfield v. N.Y. City Health and Hosp. Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (quoting *Farar v. Hobby*, 506 U.S. 103, 114 (1992)).

### i. Klein and Green-Starks' Requested Fee Rates

Here, Plaintiff requests that his counsel be compensated at the following hourly rates: $575 for Brett Harris Klein (partner) and $350 for Lissa Green-Stark (associate). In support of

4

this application, Plaintiff submitted declarations from Klein and from Eric Hecker, a partner at Cuti Hecker Wang, LLP ("CHW"). Plaintiff also submitted records reflecting payment rates of $575 per hour for Klein and $350 per hour for Green-Stark.

As courts in this district have noted, "there may be a range of rates that different counsel command in the marketplace for essentially the same services." *Rozell*, 576 F. Supp. 2d at 544. In its analysis, this Court has considered "*all* of the case-specific variables that [the Second Circuit] and other courts have identified as relevant to the reasonableness of attorney's fees." *See id.* (citing *Arbor Hill*, 522 F.3d at 190).

Plaintiff succeeded in the "most critical factor" by obtaining a verdict in her favor on her excessive force claim. *See Barfield*, 537 F.3d 15 at 152.

Moreover, Plaintiff asserts that the rates sought in this case are the same rates charged to Klein and Green-Starks' other civil rights clients. *See* Pls.' Mem. in Support of Fees and Costs at 17, ECF No. 98 ("Pls. Fees Mem."). This represents a "strong indication" of the rate that the parties believed was reasonable. *See Crescent Publ'g Grp., Inc.*, 245 F.3d at 151.

Next, this Court turns to counsels' experience and qualifications. Klein, the lead attorney on the case, is the founder of a two-lawyer firm that specializes in civil rights litigation. Decl. of Brett Klein ¶ 74, ECF No. 99 ("Klein Decl"). Klein has been a practicing attorney for approximately twenty years, and for the last thirteen years he has specialized in law enforcement misconduct cases as the founding partner of Leventhal & Klein, LLP ("LK") and then Brett H. Klein, Esq., PLLC ("KCR"). Klein Decl. ¶¶ 76-79. Klein has served as counsel on several hundred civil rights cases, including numerous excessive force cases. *Id.* ¶ 79. Eric Hecker, a leading civil rights attorney that has co-counseled two civil rights cases with Klein, averred that Klein is "among the finest and most experienced civil rights lawyers" he has worked with and

that Hecker "routinely rel[ies] on Mr. Klein for advice about legal issues." Decl. of Eric Hecker ¶¶ 3-6, ECF No. 100 ("Hecker Decl").

Green-Stark, the associate on the case, graduated from Boston University School of Law in 2008. Klein Decl. ¶ 87. After spending approximately two years representing indigent criminal defendants, in 2011 Green-Stark became an associate at LK. *Id.* ¶ 88-89. She then joined KCR as the sole associate in 2015. *Id.* ¶ 90. Green-Stark has been involved in hundreds of civil rights cases, and her work has included conducting depositions and chairing two federal trials.

This Court further looks to rates awarded to civil rights attorneys in Manhattan. Plaintiff cites numerous cases where courts in this district have awarded fees similar to, or higher than, the rates sought here. *See, e.g., Abdell v. City of N.Y.*, No. 05-8453, 2015 WL 898974, at *3-4 (S.D.N.Y. Mar. 2, 2015) (awarding $500 to $650 for lead attorneys and $350 for associates); *Creighton v. Dominican College*, No. 09-3983, 2011 WL 4914724, at *6 (S.D.N.Y. Aug. 16, 2011) (awarding $495 to $550 for partners and $395 for senior associate). Moreover, Plaintiff cites a National Law Journal study from five years ago, stating that partners in many New York City firms frequently charge upwards of $750 or even $950 an hour. Pls. Fees Mem. at 23 (citing *Nationwide Sample of Law Firm Billing Rates*, The National Law Journal (Dec. 17, 2012), http://www.law.com/jsp/nlj/PubArticleNLJ.jsp?germane=1202581351631&id=1202581266427&interactive=true). Finally, in his declaration, Hecker averred that the hourly rates Klein is seeking are reasonable. Hecker Decl. ¶ 7.

Defendant asserts that the rate for Klein should be no more than $450 per hour, and that the rate for Green-Stark should be no more than $300 per hour. Defendant points to *Thomas v.*

*City of New York*, where this Court reduced the lead attorneys' fees from $500 and $600 per hour to $450 and $400 per hour respectively, and awarded the associates fees ranging from $225 to $300 per hour. *Thomas v. City of N.Y.*, No. 09-3162, 2016 WL 319982, at *8 (S.D.N.Y. Jan. 26, 2016). Defendant cites other decisions awarding fees ranging from $375 to $450 per hour for senior attorneys and $275 to $295 per hour for associates. *See, e.g., Blake v. N.Y. City Health & Hosps. Corp.*, No. 14-3340, 2016 WL 6520067, at *5 (S.D.N.Y. Nov. 3, 2016) (awarding $425 per hour for senior attorney); *Guaman v. J & C Top Fashion, Inc.*, No. 14-8143, 2016 WL 791230, at *10 (S.D.N.Y. Feb. 22, 2016) (awarding $275 per hour for junior associate). Further, Defendant argues that attorneys who received higher hourly rates in the cases relied on by Plaintiff were significantly more experienced than Plaintiff's attorneys. Finally, Defendant asserts that the law journal survey cited by Plaintiff is skewed upwards by including rates from attorneys at New York City's largest and most prestigious law firms.

The rates sought here fall within, but on the high end of, previous fee awards in this district. As of 2010, "consistent precedent in the Southern District reveal[ed] that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time." *Mugavero v. Arms Acres, Inc.*, No. 03-05724, 2010 WL 451045, at *5 (S.D.N.Y. 2010) (quoting *Vilkhu v. City of N.Y.*, No. 06-2095, 2009 WL 1851019, at *4 (E.D.N.Y. June 26, 2009)) (internal quotation marks omitted). This year, a court in this district affirmed that rates of $550 to $625 are reasonable for experienced civil rights lawyers. *Alicea v. City of N.Y.*, No. 13-7073, 2017 WL 3412100 (S.D.N.Y. Aug. 8, 2017) (citing cases). Although "smaller law firms typically charge lower hourly rates than large, corporate firms, precedent in this District clearly demonstrates that experienced solo civil rights practitioners and civil rights attorneys from small

law firms have been awarded hourly rates as high as $550 to $650." *Coakley v. Webb*, No. 14-8438, 2016 WL 1047079, at *5 & n.6.

In light of all of the case-specific factors, Klein's hourly rate shall be reduced to $475 and Green-Stark's hourly rate shall be reduced to $300.

### B. Reasonable Hours Worked

Next, the Court must determine the number of "reasonable hours" worked. *See DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985). The fee application generally must be "accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1154 (2d Cir. 1983); *see also Scott v. City of N.Y.*, 626 F.3d 130, 133 (2d Cir. 2010). In addition to hours spent litigating the case, "a reasonable fee should be awarded for time reasonably spent in preparing and defending an application for § 1988 fees." *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999); *accord Himmel v. Cty. in N.Y., LLC*, No. 09-5073, 2011 WL 31045, at *3 (S.D.N.Y. Jan. 4, 2011).

Hours that are "not reasonably expended" such as those that are "excessive, redundant, or otherwise unnecessary" must be excluded from attorneys' fees awards. *Hensley*, 461 U.S. at 434. In determining whether hours are "reasonable," the relevant question "is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Such an examination is "dependent on the unique facts of each case." *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992). A district court "must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *DiFilippo*, 759 F.2d at 235. This includes an assessment of

8

"what is appropriate for the scope and complexity of the particular litigation." *Carey*, 711 F.2d at 1146. In this analysis, "the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *DiFilippo*, 759 F.2d at 236.

### i. Klein and Green-Starks' Hours

Here, Plaintiff seeks fees for a total of 330.08 hours spent litigating this case: 181.86 hours for Klein and 148.22 hours for Green-Stark. Plaintiff's request is supported by contemporaneous time records identifying discrete tasks performed by each attorney. *See* ECF No. 99-1.

Defendant only contests the hours spent litigating the instant fees motion. Plaintiff seeks fees for 46.88 hours of work litigating the fees motion (36.12 hours researching and writing the initial fees motion and 10.76 hours on the reply brief). Defendant asserts that these hours are unreasonable given the routine nature of attorneys' fees motions, and cites a case holding that 23 hours for a fee application was unreasonable. *See N.Y. Youth Club v. Town of Harrison*, No. 12-7534, 2016 WL 3676690 (S.D.N.Y. July 6, 2016). Accordingly, Defendant contends that Plaintiff should only receive fees for 15 hours of work on the attorneys' fees motion.

Courts in this Circuit "have usually limited fee application awards to an amount substantially less than the fees awarded on the main claim." *Black v. Nunwood, Inc.*, No. 13-7207, 2015 WL 1958917, at *7 (S.D.N.Y. Apr. 30, 2015) (quoting *Diaz v. Paragon Motors of Woodside, Inc.*, No. 03-6466, 2008 WL 2004001, at *8 (E.D.N.Y. May 7, 2008) (collecting cases)). "Many courts have noted that the norm in this circuit is to allow fees for fees awards that account for between 8 and 24% of the total fee award." *Id.* at *7 (collecting cases).

9

Plaintiff's claim for 46.88 hours litigating the instant motion constitutes 14.2% of total hours spent on the case, well within the norm awarded in this Circuit. This Court sees no reason to lower the number of hours. As Plaintiff notes, because he has successfully reached fees and costs settlements in his previous cases, this was his first fee application and thus was not routine for him. *N.Y. Youth Club*, relied on by Defendant, is inapposite as the Court noted in that case that "[s]ome of the reply work was necessitated by the inexcusable failure to include contemporaneous records with the motion in the first place." 2016 WL 3676690, at *6 n.11. Plaintiff in this case did include contemporaneous records.

Given that all of Plaintiff's hours during the fee application and over the course of this litigation appear reasonable, Plaintiff's attorneys should be compensated for all 330.08 hours worked in this case.

### C. Costs

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *U.S. Football League v. National Football League*, 887 F.2d 408, 416 (2d Cir. 1989). The "costs awarded under § 1988 include not only those ordinarily recoverable pursuant to 28 U.S.C. § 1920 and Rule 54(d)(1) of the Federal Rules of Civil Procedure, but also any additional expenses ordinarily charged in the particular legal marketplace." *Robinson v. City of N.Y.*, No. 05-9545, 2009 WL 3109846, at *10 (S.D.N.Y. Sept. 29, 2009) (citing *U.S. Football League*, 887 F.2d at 763). Such costs include "[i]dentifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs." *Kuzma v. I.R.S.*, 821 F.2d 930, 933-34 (2d Cir. 1987); *see also LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citing cases). Costs may not be awarded, however, for "routine office overhead." *Kuzma*, 821 F.2d at 934.

Here, Plaintiff seeks $10,487.79 in costs. Plaintiff submitted an itemized statement of litigation expenses in support of this request. *See* ECF No. 99-2. The costs primarily consist of ordinary out-of-pocket expenses such as travel, postage, and transcriptions. *See id.*

Defendant challenges $8,350 requested for expert witness fees, asserting that expert fees are not reimbursable as a matter of law in a § 1983 action. These expert fees must be denied "because § 1988 does not allow the shifting of expert witness fees in § 1983 actions." *Walker v. City of N.Y.*, No. 11-314, 2015 WL 4568305, at *12 (E.D.N.Y. July 28, 2015) (citing *West Virginia Univ. Hosp., Inc. v. Casey*, 499 U.S. 83, 102 (1991)).

Defendant further challenges Plaintiff's request for $33.74 in other costs for bankers boxes ($16.33) and photo paper for trial exhibits ($17.41) because those items are part of general office overhead. This Court agrees that such costs are more akin to "general office overhead" and therefore are not reimbursable. *See Tatum v. City of N.Y.*, No. 06-4290, 2010 WL 334975, at *13 (S.D.N.Y. Jan. 28, 2010) ("Courts in this Circuit generally decline to award costs for binders and other exhibit-related supplies, as they are part of general office overhead and thus already compensated for through attorneys' fees").

Plaintiff's remaining costs are properly reimbursable. Accordingly, costs shall be reduced to $2,104.05.

## CONCLUSION

For the reasons stated above, this Court awards $130,849.50 in fees plus $2,104.05 in costs.

**SO ORDERED.**

Dated: November 30, 2017
New York, New York

ANDREW L. CARTER, JR.
**United States District Judge**

11